1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   KENT R. RAYGOR, Cal. Bar No. 117224
2  FRED R. PUGLISI, Cal. Bar No. 121822
   VALERIE E. ALTER, Cal. Bar No. 239905
3  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-6017
4  Telephone: (310) 228-3700
   Facsimile: (310) 228-3701
5  E-mail:    kraygor@sheppardmullin.com
              fpuglisi@sheppardmullin.com
6              valter@sheppardmullin.com

7  Attorneys for Intervenor COMEDY CLUB, INC.

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

JAN 19 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8
                  UNITED STATES DISTRICT COURT
9
        CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
10

11 | IMPROV WEST ASSOCIATES,            | Case No. CV 11-07103 PSG (SHx)
   |                                    |
12 |              Plaintiff,            | **INTERVENOR COMEDY CLUB INC.'S:**
   |                                    |
13 |        v.                          |
   |                                    | **(1)  NOTICE OF MOTION AND MOTION TO INTERVENE [FED. R. CIV. P. 24];**
14 | ROBERT HARTMANN; LEVITY            |
   | PRODUCTIONS LLC; LEVITY            |
15 | ENTERTAINMENT GROUP, INC.;         |
   | LEVITY ENTERTAINMENT GROUP,        | **(2)  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
16 | LLC; E-COMIC BRANDING, INC.;       |
   | and DOES 1 through 10 inclusive,   |
17 |              Defendants.           | **(3)  DECLARATION OF RONALD WENDEL; AND**
18 |                                    |
   | ROBERT HARTMANN, an individual;    | **(4)  DECLARATION OF ROBERT HARTMANN.**
19 | LEVITY PRODUCTIONS LLC, a          |
   | Delaware limited liability company;|
20 | LEVITY ENTERTAINMENT GROUP,        |
   | INC., a California corporation; LEVITY | Hearing
21 | ENTERTAINMENT GROUP, LLC, a        | Date:  March 26, 2012
   | Delaware limited liability company; E- | Time:  1:30 p.m.
22 | COMIC BRANDING, INC., a            | Place: Roybal Courtroom 880
   | California corporation,            |
23 |                                    | Complaint filed: August 29, 2011
   |              Counterclaimants,     |
24 |                                    |
   |        v.                          |
25 |                                    |
   | IMPROV WEST ASSOCIATES, a          |
26 | California limited partnership, and |
   | DOES 1 through 10 inclusive,       |
27 |                                    |
   |              Counterdefendants.    |
28 |                                    |

-1-

W02-WEST:2BOA1\404078834.7

**COMEDY CLUB, INC. MOTION TO INTERVENE**

**TO THE ABOVE-CAPTIONED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 1:30 p.m. on Monday, March 26, 2012, or as soon thereafter as this matter can be heard in Courtroom 880 in the United States Courthouse located at 255 East Temple Street, Los Angeles, California 90012, the Honorable Phillip S. Gutierrez presiding, Comedy Club. Inc. ("**CCI**"), a corporation organized under the laws of the State of Louisiana, will and hereby does move for an order (1) granting CCI's intervention in this action as a matter of right pursuant to FED. R. CIV. P. 24(a)(2), or, in the alternative, (2) permitting CCI to intervene in this action pursuant to FED. R. CIV. P. 24(b). CCI seeks to assert the defenses and claims set forth in its proposed *Answer To Complaint And Counterclaim Against Plaintiff/Counterdefendant Improv West Associates*, lodged concurrently herewith.

CCI moves to intervene on that ground that Plaintiff Improv West Associates ("**Plaintiff**") has sued the presently named six Defendants (Robert Hartmann; Levity Productions LLC; Levity Entertainment Group, Inc.; Levity Entertainment Group, LLC; E-Comic Branding, Inc.) over their alleged unlawful use of certain "Improv" trademarks claimed by Plaintiff in connection with the website www.improv.com. Plaintiff, however, has sued the wrong parties. CCI—and not the Defendants—owns the www.improv.com domain name and website and holds the exclusive right to use the claimed "Improv" marks and to sublicense other to use those marks in connection with that website, pursuant to a written license from Plaintiff to CCI. The acts of which Plaintiff complains in its *Complaint* in this action directly implicate CCI's exclusive rights to use those marks and, by suing Defendants in this action, Plaintiff is unlawfully interfering with CCI's exclusive rights. CCI, therefore, is entitled to intervene in this action as a matter of right as it has a legally protectable interest that will be substantially impaired if it is not permitted to intervene. In the

1   alternative, permissive intervention is appropriate here because the defenses and

2   claims set forth in CCI's *Answer To Complaint And Counterclaim Against*

3   *Plaintiff/Counterdefendant Improv West Associates* present questions of law and fact

4   common to those asserted by parties already present in the action and this *Motion to*

5   *Intervene* is timely made.

6

7       Because CCI's proprietary interests are at stake in this action in light of

8   the claims Plaintiff has asserted against the presently named Defendants, if CCI is not

9   permitted to intervene in this action CCI then would be forced to file a separate

10  action, which would be denominated a "related case" vis-à-vis the present action,

11  resulting in a multiplicity of actions and inefficiency in the use of this Court's

12  resources.  CCI submits that the substantial public policy requiring the efficient use of

13  judicial resources mandates intervention in this case.  CCI's proposed *Answer To*

14  *Complaint And Counterclaim Against Plaintiff/Counterdefendant Improv West*

15  *Associates* is submitted concurrently herewith, as required by FED. R. CIV. P. 24(c).

16

17      This motion is based on this *Notice*, the attached *Memorandum Of Points*

18  *And Authorities* and declarations, the proposed *Answer To Complaint And*

19  *Counterclaim Against Plaintiff/Counterdefendant Improv West Associates*, all

20  pleadings and other papers filed in this action, matters of which this Court is

21  permitted or required to take judicial notice, and such argument as may be permitted

22  at the hearing.

23  Dated:  January 19, 2012        SHEPPARD MULLIN RICHTER & HAMPTON LLP

24

25                      By  _____

26                          KENT R. RAYGOR
                        Attorneys for Intervenor COMEDY CLUB, INC.

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................................... 1

II.    SUMMARY OF FACTS ......................................................................................... 2

    A.    CCI's Exclusive Right To Use The "Improv" Trademarks In Connection With The Website. ....................................................................... 2

    B.    Plaintiff Deliberately Omitted CCI From This Litigation, Even Though It Knows That CCI Has An Interest Herein. ........................................... 6

    C.    Plaintiff's Claims Asserted Against Defendants Directly Attack CCI's Exclusive Rights To Use The Claimed Marks. .................................... 9

III.    CCI IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT ......................... 10

    A.    CCI's Motion To Intervene Is Timely. ............................................. 12

    B.    CCI Has A "Significant Protectable Interest" In The Underlying Action. ...... 13

    C.    Unless CCI Is Permitted To Intervene, This Action Will Impair And Impede CCI's Ability To Protect Its Interest In The Website. .......................... 15

    D.    CCI's Interests Are Not Adequately Represented By Any Parties To The Action. ................................................................................ 16

IV.    ALTERNATIVELY, CCI SHOULD BE PERMITTED TO INTERVENE ............. 17

V.    CONCLUSION ................................................................................................... 19

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Arakaki v. Cayetano*
324 F.3d 1078 (9th Cir. 2003)..................................................................................... 11, 16

*Brancheau v. Secretary of Labor*
2011 BL 274778 (M.D. Fla. Oct. 25, 2011)................................................................ 14

*Bureerong v. Uvawas*
167 F.R.D. 83 (C.D. Cal. 1996) .................................................................................. 17

*C.S. v. Cal. Dep't of Educ.*
2008 U.S. Dist. LEXIS 28657 (S.D. Cal. Apr. 7, 2008) ............................................ 15

*Cunningham v. David Special Commitment Ctr.*
158 F.3d 1035 (9th Cir. 1998)..................................................................................... 15

*Donnelly v. Glickman*
159 F.3d 405 (9th Cir. 1998)............................................................................. 11, 12, 13

*In re Estate of Ferdinand E. Marcos Human Rights Litigation*
536 F.3d 980 (9th Cir. 2008)....................................................................................... 13

*Forest Conservation Council v. U.S. Forest Serv.*
66 F.3d 1489 (9th Cir. 1995)....................................................................................... 11

*Harris v. Pernsley*
820 F.2d 592 (3d Cir. 1987)........................................................................................ 15

*Innova Specialties Inc. v. Parnell Labs. (Aust) Pty, Ltd.*
2010 WL 157474 (E.D. Mo. July 12, 2010) .............................................................. 14

*MacLellan Indus. Servs. v. Local Union No. 1176*
2006 U.S. Dist. LEXIS 76235 (N.D. Cal. Oct. 6, 2006) ........................................... 15

*NAACP v. New York*
413 U.S. 345, 366 (1973) ............................................................................................ 12

*Northwest Forest Resource Council v. Glickman*
82 F.3d 825 (9th Cir. 1996).......................................................................................... 13

*Sagebrush Rebellion, Inc. v. Watt*
713 F.2d 525 (9th Cir. 1983)........................................................................................ 17

*SEC v. Navin*
166 F.R.D. 435 (N.D. Cal. 1995) .......................................................................... 15, 16

**COMEDY CLUB, INC. MOTION TO INTERVENE**

*Sierra Club v. United States EPA*
 995 F.2d 1478 (9th Cir. 1993) ................................................................. 15

*Southwest Ctr. for Biological Diversity v. Berg*
 268 F.3d 810 (9th Cir. 2001) ................................................................... 15

*Spangler v. Pasadena City Bd. of Education*
 552 F.2d 1326 (9th Cir. 1977) ................................................................. 18

*Trbovich v. United Mine Workers*
 404 U.S. 528 (1972) ................................................................................. 16

*United States ex rel. McGough v. Covington Techs.*
 967 F.2d 1391 (9th Cir. 1992) ................................................................. 12

*United States v. City of Los Angeles*
 288 F.3d 391 (9th Cir. 2002) ................................................................... 11

Federal: Statutes, Rules, Regulations, Constitutional Provisions

FED. R. CIV. P. 24 ......................................................................... 11, 13

FED. R. CIV. P. 24(a) ............................................................................ 1, 12

FED R. CIV. P. 24(a)(2) ................................................................. 10, 13, 15

FED. R. CIV. P. 24(b) ................................................................................. 18

FED. R. CIV. P. 24(b)(1)(B) ...................................................................... 17

FED. R. CIV. P. 24(c) .................................................................................. 2

-iii-

**COMEDY CLUB, INC. MOTION TO INTERVENE**

# I.

## **INTRODUCTION**

Plaintiff Improv West Associates ("**Plaintiff**") filed this action on August 29, 2011 against six defendants:  Robert Hartmann; Levity Productions LLC; Levity Entertainment Group, Inc.; Levity Entertainment Group, LLC; and E-Comic Branding, Inc. (collectively, "**Defendants**").  In its *Complaint*, Plaintiff seeks to control the use of certain "Improv" trademarks in connection with the www.improv.com website (the "**Website**") and bar Defendants from using those marks.  Plaintiff, however, did not sue Intervenor Comedy Club, Inc. ("**CCI**"), even though:  (1) CCI owns and operates the Website; (2) CCI owns the domain name for the Website; (3) in 1999 Plaintiff granted CCI an exclusive license to use the claimed "Improv" marks in connection with the Website and on the Internet more broadly, which license is continuing in effect; and (4) Plaintiff entered into a written *Settlement Agreement* with CCI in 2010 in which Plaintiff affirmed CCI's continuing exclusive right to use those marks in connection with the Website and on the Internet.  In other words, Plaintiff deliberately excluded the party that owns the exclusive rights to use the "Improv" marks in the manner alleged in the *Complaint*, perhaps because Plaintiff feared that the addition of CCI would be fatal to its claims against the Defendant and would subject it to liability for CCI's attorneys' fees.

Because of Plaintiff's glaring omission and CCI's proprietary rights are at stake, CCI now moves to intervene in this action as of right pursuant to FED. R. CIV. P. 24(a).  CCI claims an interest relating to the property and transactions that are the subject of this action—namely, the Website and use of the "Improv" marks in connection therewith.  CCI—and not the Defendants—owns the www.improv.com domain name and Website and holds the exclusive right to use the claimed "Improv" marks and to sublicense other to use those marks in connection with that Website,

W02-WEST:2BOA1\404078834.7                    **COMEDY CLUB, INC. MOTION TO INTERVENE**

pursuant to a written license from Plaintiff to CCI. The acts of which Plaintiff complains in its *Complaint* in this action directly implicate CCI's exclusive rights to use those marks and, by suing Defendants in this action, Plaintiff is unlawfully interfering with CCI's exclusive rights. CCI is so situated that disposing of this action in its absence will impair or impede its ability to protect its interests because the Defendants named in the underlying *Complaint* do not adequately represent CCI's interests. In the alternative, CCI asks this Court to grant permissive intervention on the ground that CCI has a claim or defense that shares common questions of law and fact with the underlying action.

If CCI is not permitted to intervene in this action, CCI then would be forced to file a separate action, which would be denominated a "related case" vis-à-vis the present action, resulting in a multiplicity of actions and inefficiency in the use of this Court's resources. CCI submits that the substantial public policy requiring the efficient use of judicial resources mandates intervention in this case. CCI's proposed *Answer To Complaint And Counterclaim Against Plaintiff/Counterdefendant Improv West Associates* is submitted concurrently herewith, as required by FED. R. CIV. P. 24(c).

## II.
## SUMMARY OF FACTS

### A.   CCI's Exclusive Right To Use The "Improv" Trademarks In Connection With The Website.

CCI owns and operates the www.improv.com Website. [*Wendel Decl.* ¶ 3.] CCI also owns the <Improv.com> domain name for the Website, registered in

1997.  [*Id.* ¶ 4 and **EXHIBIT A** thereto (the registry data from the domain name registrar, Network Solutions).]

In 1999, Plaintiff granted CCI an exclusive license to use the claimed "Improv" marks on the Internet.  More specifically, in a *Trademark License Agreement* dated June 13, 1999, Plaintiff granted CCI the right to use those marks in connection with restaurant, bar, and/or nightclub facilities.  [*Id.* ¶ 5 and **EXHIBIT B** thereto.]  On October 19, 1999, Plaintiff and CCI executed an *Amendment To Trademark License Agreement* (the "***Amendment***") that granted CCI "the exclusive rights and license to use, utilize, and/or license the trademarks, trade dress and content associated therewith for the purpose of use on the internet, including broadband or other internet related media, and radio . . . ."  [*Id.* ¶ 6 and **EXHIBIT C** thereto.]  That license, and CCI's exclusive right to use the claimed "Improv" marks on the Internet, continues in effect.  [*Id.* ¶ 7.]

On January 6, 2010, Plaintiff entered into a written *Settlement Agreement* with CCI in which Plaintiff affirmed CCI's continuing exclusive right to use those marks in connection with the Website and on the Internet.  [*Id.* ¶ 8 and **EXHIBIT D** thereto.  A copy of the *Settlement Agreement* has already been submitted to this Court by Defendants.  *See* Exhibit "D" to Defendants' *Counterclaims* filed against Plaintiff in this action on October 11, 2011 (ECF Doc. No. 9, pages 67-73 of 96).]  That *Settlement Agreement* also provides, in relevant part, that "the Parties shall observe the status quo existing as of December 21, 2009 with respect to the Internet domain name 'Improv.com' and with respect to the use of the marks 'Improv' and 'Improvisation' on the Internet."  [*Id.* ¶ 8, and ¶ 3 of **EXHIBIT D** thereto.]  The "status quo" existing in December 2009 was that CCI had the exclusive right to the Website and to use the claimed marks in connection therewith.  [*Id.* ¶ 9.]

-3-

1    Despite all of the foregoing, Plaintiff, when it initiated this action,
2  asserted its claims about use of the claimed "Improv" marks on the Website and on
3  the Internet, not against CCI, but against the Defendants.  In their *Counterclaims* filed
4  in this action, Defendants expressly pleaded that Plaintiff had sued the wrong parties,
5  and that CCI was an essential, but missing, party to this action:

7        "15.   . . . Plaintiff Improv West Associates has filed a
8        lawsuit seeking to control the usage of the *www.improv.com*
9        website without naming Comedy Club Inc.—***the indispensable,***
10       ***yet missing, party that actually owns that website and holds the***
11       ***rights to the uses of which Plaintiff Improv West Associates***
12       ***complains in both actions.***  A copy of the *Settlement Agreement*
13       between Improv West Associates and Comedy Club Inc. granting
14       Comedy Club Inc. the ownership of the website and the right to
15       use the term improv is attached hereto as **EXHIBIT B** and
16       incorporated herein, yet Plaintiff Improv West Associates never
17       once mentions either that agreement or Comedy West Inc.
18       Because of that glaring omission, Comedy Club Inc. is moving to
19       intervene in this Federal Court Action as of right pursuant to FED.
20       R. CIV. P. 24(a) and (b) on the ground that (a) it claims an interest
21       relating to the property or transaction that is the subject of this
22       action, and is so situated that disposing of this action will impair or
23       impede its ability to protect its interests, unless the Defendants
24       named in the underlying Federal Court Action *Complaint* (the
25       Counterclaimants herein) adequately represent that interest, and (b)
26       it has a claim or defense that shares with the main underlying
27       action common questions of law and fact.  [*See Notice Of Intent Of*
28       *Comedy Club Inc. To File A Motion To Intervene In This Action*

*Pursuant to Fed. R. Civ. P. 24 (a) And (b)*, filed concurrently herewith.]

16.     Comedy Club Inc.'s intervention in this action is essential in light of the fact that Plaintiff (and Counterdefendant herein) Improv West Associates has *invented* an alleged contract between it, on the one hand, and Defendants (and Counterclaimants herein) Robert Hartmann and Levity Productions LLC, on the other hand, out of whole cloth.  [*See* ¶ 15 in the *Complaint* in the Federal Court Action; ¶ 17 in the *Complaint* in the Superior Court Action.]  All of Plaintiff (and Counterdefendant herein) Improv West Associates' claims in the Superior Court Action stem from that non-existent contract and the alleged misuse of Plaintiff (and Counterdefendant) Improv West Associates' purported 'improv' trademark.  All of its claims in the present Federal Court Action stem from that same non-existent contract and that same alleged misuse of a purported trademark.  That manufactured 'agreement', however, is flatly contradicted by the indisputable written license agreement and subsequent *Settlement Agreement* between Plaintiff (and Counterdefendant herein) Improv West Associates and presently absent party Comedy Club Inc., which *granted Comedy Club Inc. the exclusive right to use the term improv on the Internet, and pursuant to which the conduct of which Counterdefendants complain in the Federal Court Action was done.*"

[Defendants' *Counterclaims* filed against Plaintiff in this action on October 11, 2011 (ECF Doc. No. 9, ¶¶ 15-16) (emphasis in original).]

-5-

1    As of the date of this *Motion*, CCI still holds the exclusive right to the

2  Website and to use the claimed marks in connection therewith.  Nonetheless, Plaintiff

3  filed this lawsuit against the present Defendants over use of those marks in connection

4  with the Website, but purposely omitted CCI, purporting to adjudicate CCI's rights

5  under its license with Plaintiff without CCI's participation in this suit.

6

7  **B.    Plaintiff Deliberately Omitted CCI From This Litigation, Even**

8  **Though It Knows That CCI Has An Interest Herein.**

9

10    Plaintiff's omission of CCI from this lawsuit is particularly egregious

11  because Plaintiff was repeatedly reminded of CCI's interest in the claims made herein

12  in the months immediately preceding CCI's filing of the *Complaint* on August 29,

13  2011, yet Plaintiff ignored CCI and CCI's interests:

14

15    ▪    On April 28, 2011, Plaintiff sent a letter to CCI, complaining about the

16        use of the claimed "Improv" marks in connection with the Website.

17        [*Wendel Decl.* ¶ 10 and **EXHIBIT E** thereto; *see also* Exhibit "C" to

18        Defendants' *Counterclaims* filed against Plaintiff in this action on

19        October 11, 2011 (ECF Doc. No. 9, pages 75-77 of 96).]

20

21    ▪    CCI responded on May 10, 2011 and explained that CCI's continued

22        operation of the Website was expressly permitted by various agreements

23        between the parties and that Plaintiff's demand that CCI cease certain

24        activities in connection with use of the "Improv" marks on the Website

25        lacked any legitimate basis.  [*Wendel Decl.* ¶ 11 and **EXHIBIT F** thereto;

26        *see also* Exhibit "D" to Defendants' *Counterclaims* filed against Plaintiff

27        in this action on October 11, 2011 (ECF Doc. No. 9, pages 79-82 of 96).]

28

-6-

1    • On June 16, 2011, Defendants separately wrote to Plaintiff—in response

2    to additional complaints by Plaintiff about the Website—and informed

3    Plaintiff that its complaints should be directed to CCI, which owns and

4    controls the Website, and not to them.  [*Hartmann Decl*. ¶ 3 and

5    **EXHIBIT A** thereto; *see also* Exhibit "E" to Defendants' *Counterclaims*

6    filed against Plaintiff in this action on October 11, 2011 (ECF Doc. No.

7    9, page 84 of 96).]

8

9    • On August 24, 2011—*five days before this lawsuit was filed*—CCI sent

10   three additional letters to Plaintiff in which it reiterated that it, and not

11   Plaintiff, holds the exclusive right to control the exploitation of the

12   claimed marks on the Internet and in connection with the Website in

13   particular and that Plaintiff's demand that CCI cease certain activities in

14   connection with use of the "Improv" marks on the Website was baseless

15   [*Wendel Decl*. ¶ 12 and **EXHIBIT G** thereto; *see also* Exhibit "F" to

16   Defendants' *Counterclaims* filed against Plaintiff in this action on

17   October 11, 2011 (ECF Doc. No. 9, pages 86-95 of 96).]

18

19   These communications have already been placed at issue in this action through the

20   Defendants' Counterclaims filed on October 11, 2011:

21

22   "17.   Counterdefendants have long been on notice that

23   Comedy Club Inc. is an indispensable party to this proceeding and

24   that Counterclaimants were not the proper parties to be named as

25   Defendants in this Federal Court Action.  Yet Counterdefendants

26   nevertheless filed this proceeding for the purpose of harassing

27   Counterclaimants and needlessly increasing the costs of litigation

28   to them, and without a reasonable, good faith belief that the factual

-7-

1   assertions pleaded herein against Counterclaimants have

2   evidentiary support or will likely have evidentiary support after a

3   reasonable opportunity for further investigation or discovery.  On

4   April 28, 2011, before filing this action, Counterdefendants'

5   counsel of record in this action, Dennis Ardi, Esq., wrote to

6   counsel for Comedy Club Inc. and asserted that Comedy Club Inc.

7   and Counterclaimant Levity were engaging in alleged trademark

8   infringement on the *www.improv.com* website.  [A true and correct

9   copy of Mr. Ardi's letter is attached hereto as EXHIBIT C and

10  incorporated herein.]  Comedy Club Inc. responded on May 10,

11  2011 and informed Mr. Ardi that Counterdefendants' assertions

12  lacked any factual or legal basis, and that Comedy Club Inc.'s

13  operation of the *www.improv.com* website was privileged pursuant

14  to a 1999 Trademark License Agreement with Counterdefendant

15  Improv West Associates, the October 19, 1999 Amendment

16  thereto, and the January 6, 2011 *Settlement Agreement* (attached

17  hereto as EXHIBIT B).  [A true and correct copy of that May 10,

18  2011 response is attached hereto as EXHIBIT D and incorporated

19  herein.]  On June 16, 2011, Counterclaimants Robert Hartmann

20  and Levity wrote to Counterdefendants' other counsel of record in

21  this action, Robert N. Klieger, Esq., and likewise informed him

22  that the matters of which he was complaining should be directed,

23  not to them, but to Comedy Club Inc., which owns and controls the

24  *www.improv.com* website.  [A true and correct copy of that June

25  16, 2011 letter is attached hereto as EXHIBIT E and incorporated

26  herein.]  On August 24, 2011—*five days before this lawsuit was*

27  *filed*—Comedy Club Inc. sent two letters to Mr. Ardi and a third

28  that was copied to him in which Comedy Club Inc. once again

1   reiterated that it, and not Counterdefendants, holds the exclusive

2   right to control the exploitation of the purported trademarks that

3   are the subject of the present action on the Internet, and rejected

4   Counterdefendants' repeated attempts to "hijack" that website and

5   appropriate it for their own benefit.  [True and correct copies of

6   ~~those three letters are attached hereto as EXHIBIT F and~~

7   incorporated herein.]  Despite all of these and other notices to

8   Counterdefendants and their counsel of record in this action, and

9   despite the clear terms of the *Settlement Agreement* between

10  Counterdefendant Improv West Associates, on the one hand, and

11  Comedy Club Inc., on the other hand [**EXHIBIT B** hereto],

12  Counterdefendants and their counsel of record have initiated, and

13  ~~maintained, this action, and the Superior Court Action, in bad faith~~

14  and with no reasonable basis."

15

16  [Defendants' *Counterclaims* (ECF Doc. No. 9, ¶ 17) (emphasis in original).]

17

18      Despite all of these and other notices to Plaintiff, which were sent to

19  counsel of record in this action, and despite the clear terms of the *Trademark License*

20  *Agreement*, the *Amendment*, and the *Settlement Agreement*, Plaintiff filed this action

21  against the wrong parties, purposefully omitting CCI.

22

23  **C.   Plaintiff's Claims Asserted Against Defendants Directly Attack**

24  **CCI's Exclusive Rights To Use The Claimed Marks.**

25

26      In this action, Plaintiff pleads that in 2003 it extended a revocable license

27  to two of the named Defendants to use the "Improv" marks "in connection with the

28  marketing, promotion, and management of the Improv Marks at www.Improv.com

-9-

and related websites". [*See Complaint*, at ¶ 15.]  That cannot be true.  Plaintiff could not have extended any such license to those Defendants to use the marks in connection with the Website or the Internet because Plaintiff had already *exclusively* licensed *all* such uses to CCI.

Plaintiff then pleads that after August 11, 2008 it "permitted [Defendants] Hartmann and Levity to continue to use the Improv Marks in connection with the Improv Websites".  [*Id.* ¶¶ 17-18.]  Again, Plaintiff could not have done so as Plaintiff had already *exclusively* licensed *all* such uses to CCI, and that license continues in existence today.

Plaintiff pleads that Defendants are committing trademark infringement and other torts by using the "Improv" marks on the Website and the Internet.  [*Id.* ¶¶ 19-22.]  But such use is permitted under Plaintiff's exclusive license for such uses that it granted to CCI.  Plaintiff, therefore, has sued the Defendants for uses that are permitted and its claims, if any, are properly asserted, not against the Defendants, but CCI, which presently is not a party to this action.  Absent being able to intervene in this action, CCI would be compelled to file a separate action before this Court in order to protect the rights granted to it by Plaintiff.

## III.

## CCI IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

FED R. CIV. P. 24(a)(2) allows a non-party to an action to intervene as a matter of right.  The Ninth Circuit has identified four elements which, if met, require intervention as of right:

"(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties."

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

In applying that test, courts are primarily guided by practical and equitable considerations. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). *See also* the FED. R. CIV. P. 24 Advisory Committee's Note (1966) ("If an absentee would be substantially affected in a ***practical sense*** by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ." (emphasis added)).

Rule 24 is liberally construed in favor of the party seeking to intervene:

"A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court."

*United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (quoting *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir.

-11-

1995)).  *See also Donnelly*, 159 F.3d at 409.  For the reasons explained below, CCI satisfies each of the four requirements to intervene as a matter of right.

## A.    CCI's Motion To Intervene Is Timely.

"Timeliness is determined from all of the circumstances."  *United States ex rel. McGough v. Covington Techs.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (quoting *NAACP v. New York*, 413 U.S. 345, 366 (1973)).  The Ninth Circuit has identified three factors used in evaluating the timeliness of a motion to intervene:  "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."  *Id.*  Applying these factors, it is clear that CCI's motion to intervene is timely.

This case is in its initial phases, and CCI indicated its intent to intervene from the beginning.  Plaintiff filed its *Complaint* on August 29, 2011.  [ECF Doc. No. 1.]  Defendants filed their *Answer And Counterclaims* on October 11, 2011 and in Paragraphs 15-17 of their *Counterclaims* expressly pleaded the absence of necessary party CCI.  [ECF No. 10.]  At the same time, CCI filed a *Notice Of Intent Of Comedy Club Inc. To File A Motion To Intervene In This Action Pursuant to Fed. R. Civ. P. 24 (a) And (b)*.  [ECF Doc. No. 13.]  Plaintiff filed its *Reply* to the *Counterclaims* on November 1, 2011.  [ECF Doc. No. 15.]  The Scheduling Conference will not occur until January 23, 2012, meaning that no discovery has yet taken place to date.  [*See* ECF Doc. No. 14.]  In the interim, CCI and the Defendants have been exploring settlement with Plaintiff.  Because the case has not proceeded past the initial pleadings, CCI's motion cannot possibly prejudice any of the parties.  If anything, it ensures that the parties and the Court will not have to entertain duplicative lawsuits proceeding on a parallel track.  Thus, CCI's motion to intervene is timely.

**B.    CCI Has A "Significant Protectable Interest" In The Underlying Action.**

An intervenor has a "'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly*, 159 F.3d at 409 (quoting *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)). *See also* FED. R. CIV. P. 24(a)(2). There is no bright-line test for determining whether a "significant protectable interest" exists under FED. R. CIV. P. 24(a)(2):

> "The 'interest' test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. Instead, the 'interest' test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."

*In re Estate of Ferdinand E. Marcos Human Rights Litigation*, 536 F.3d 980, 984-985 (9th Cir. 2008). In conformity with the principle that FED. R. CIV. P. 24 is to be interpreted and applied liberally, the Ninth Circuit has held that "[a]n applicant generally satisfies the 'relationship' requirement . . . if the resolution of the plaintiff's claims ***actually will affect the applicant***." *Donnelly*, 159 F.3d at 409 (emphasis added).

As shown in detail above, (1) CCI owns and operates the Website; (2) CCI owns the domain name for the Website; (3) in 1999 Plaintiff granted CCI an exclusive license to use the claimed "Improv" marks in connection with the Website

-13-

1  and on the Internet more broadly, which license is continuing in effect; (4) Plaintiff

2  entered into a written *Settlement Agreement* with CCI in 2010 in which Plaintiff

3  affirmed CCI's continuing exclusive right to use those marks in connection with the

4  Website and on the Internet; (5) Plaintiff in Paragraph 15 of its *Complaint* pleads that

5  it gave the Defendants a license to use the "Improv" marks "in connection with the

6  marketing, promotion, and management of the Improv Marks at www.Improv.com

7  and related websites", an assertion that is flatly contrary to the exclusive license for

8  such use that Plaintiff granted to CCI; and (6) Plaintiff in Paragraphs 17-18 of its

9  *Complaint* pleads that it "permitted [Defendants] Hartmann and Levity to continue to

10  use the Improv Marks in connection with the Improv Websites", an assertion that is

11  flatly contrary to the exclusive license for such use that Plaintiff granted to CCI; (7)

12  Plaintiff in Paragraphs 19-22 of its *Complaint* pleads that Defendants are committing

13  trademark infringement and other torts by using the "Improv" marks on the Website

14  and the Internet, but such use is permitted under Plaintiff's exclusive license for such

15  uses that it granted to CCI.  In other words, Plaintiff has sued the Defendants for uses

16  that are permitted and the remedies Plaintiff seeks will interfere with and violate

17  CCI's exclusive rights under its contract with Plaintiff.  Plaintiff is trying to use this

18  lawsuit, to adjudicate rights to use Plaintiff's claimed marks on the Internet without

19  the presence of the entity, CCI, who holds those rights.

20

21       The rights CCI seeks to protect in the Website and the claimed marks are

22  well recognized.  *See, e.g., Brancheau v. Secretary of Labor*, Case No. 6:11-cv-1416-

23  Orl-31DAB., 2011 BL 274778 (M.D. Fla. Oct. 25, 2011) ("As owner of the video at

24  issue, Sea World obviously has an interest in the subject of the action in the form of

25  intellectual property rights . . . ."); *Innova Specialties Inc. v. Parnell Labs. (Aust) Pty,*

26  *Ltd.*, Case No. 4:09cv0553 TCM, 2010 WL 157474 (E.D. Mo. July 12, 2010) ("An

27  interest in preserving the value of property or in the continued viability of an

28  agreement are legally protectable.  Parnell Tech alleges that it now owns the trades

-14-

secrets at issue. This is a specific economic interest that is not contingent on a future event. The Court finds that this is a legally protectable interest." (internal citations omitted)) . The same is true of CCI's rights under its various contracts with Plaintiff, which would be significantly impeded, if not vitiated, were Plaintiff to succeed in this lawsuit. *See, e.g., Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("Contract rights are traditionally protectable interests."); *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987) ("Courts thus have found that an applicant has a sufficient interest to intervene . . . where the contractual rights of the applicant may be affected by a proposed remedy."); *C.S. v. Cal. Dep't of Educ.*, 2008 U.S. Dist. LEXIS 28657, at *10 (S.D. Cal. Apr. 7, 2008) ("In an intervention context, courts have found that contract rights are traditionally protectable interests."); *MacLellan Indus. Servs. v. Local Union No. 1176*, 2006 U.S. Dist. LEXIS 76235, at *15-16 (N.D. Cal. Oct. 6, 2006) (granting intervention as of right because the resolution of the underlying case "bears directly on [the Intervenor's] alleged contract right . . . ."). CCI therefore has a "significant protectable interest" in this action, mandating its intervention as of right pursuant to FED. R. CIV. P. 24(a)(2).

## C.   Unless CCI Is Permitted To Intervene, This Action Will Impair And Impede CCI's Ability To Protect Its Interest In The Website.

"To be entitled to intervene under Rule 24(a)(2) the applicant must establish, among other things, that she is so situated that the disposition of the action may as a practical matter impair or impede her ability to protect her interests." *Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1037-1038 (9th Cir. 1998). "A judicial decision that would 'as a practical matter' foreclose the would-be intervenor's interest, is sufficient impairment." *SEC v. Navin*, 166 F.R.D. 435, 440 (N.D. Cal. 1995) (quoting *Sierra Club v. United States EPA*, 995 F.2d 1478, 1486 (9th Cir. 1993)).

-15-

1       A disposition of this case in CCI's absence will seriously impair and

2   impede CCI's ability to protect its rights to and in connection with the Website.

3   Plaintiff's lawsuit seeks to control use of the "Improv" marks on the Website, and on

4   the Internet more broadly, but ***Plaintiff does not have the right*** to control such use.

5   On the contrary, Plaintiff granted CCI an *exclusive* license more than ten years ago.

6   [*Wendel Decl.* ¶¶ 5-7, **EXHIBITS B** and **C**.]  Thus, Plaintiff can prevail in the

7   underlying lawsuit *only* if it is determined that CCI neither owns, nor has the

8   exclusive right to control, the Website.  In other words, CCI's rights must be stripped

9   and the *Trademark License Agreement*, the *Amendment*, and the *Settlement*

10   *Agreement* invalidated in order for Plaintiff to prevail.  Such an outcome would, by

11   definition, affect CCI's rights.  As a result, CCI is entitled to intervene as of right.

12   *See, e.g., Navin*, 166 F.R.D. at 440.

13

14   **D.    CCI's Interests Are Not Adequately Represented By Any Parties To**

15   **The Action.**

16

17       "The burden on proposed intervenors in showing inadequate representation is

18   minimal, and would be satisfied if they could demonstrate that representation of their

19   interests 'may be' inadequate."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir.

20   2003).  *See also Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)

21   (the burden of demonstrating that representation of an Intervenor's interest "may be"

22   inadequate "should be treated as minimal").

23

24       The Defendants' interests in this case are not completely aligned with

25   CCI's.  The Defendants do not own the Website or hold an exclusive license to use the

26   claimed "Improv" marks on the Internet, as does CCI.  The Defendants have filed

27   counterclaims asserting not only CCI's ownership of the Website and rights to use the

28   claimed marks, but also the invalidity of those marks.  CCI, on the contrary, is not

-16-

attacking the validity of the marks.  It is, however, seeking a declaration that, whatever the status of the claimed "Improv" marks is, it has the exclusive right to use them and to license others to use them on the Website and the Internet.  Because the Defendants' interests are different than CCI's, the Defendants cannot be expected to adequately represent CCI's interests.  *See, e.g., Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) ("In assessing the adequacy of . . . representation, we consider several factors, including whether the [parties to the action] will undoubtedly make all of the intervenor's arguments, whether the [parties to the action are] capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected.").  CCI submits that the only way to ensure that its rights in the license granted it by Plaintiff are protected is to allow it to intervene in this action.

## IV.

## ALTERNATIVELY, CCI SHOULD BE PERMITTED TO INTERVENE

Even if the requirements for intervention as of right are not met, a party can still be permitted to intervene where that party "has a claim or defense that shares with the main action a common question of law or fact."  FED. R. CIV. P. 24(b)(1)(B).  "The existence of a 'common question' is liberally construed."  *Bureerong v. Uvawas*, 167 F.R.D. 83, 85 (C.D. Cal. 1996).  Once the existence of a "common question" is confirmed, the court may:

> ". . . consider a number of factors in making its discretionary
> decision on the issue of permissive intervention.  These
> relevant factors include the nature and extent of the
> intervenors' interest, their standing to raise relevant legal
> issues, the legal position they seek to advance, and its

-17-

probable relation to the merits of the case. The court may
also consider whether changes have occurred in the
litigation so that intervention that was once denied should
be reexamined, whether the intervenors' interests are
adequately represented by other parties, whether
intervention will prolong or unduly delay the litigation, and
whether parties seeking intervention will significantly
contribute to full development of the underlying factual
issues in the suit and to the just and equitable adjudication
of the legal questions presented."

*Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977).

With its *Complaint*, Plaintiff seeks to control the usage of the Website and the claimed "Improv" marks in connection with the Internet, rights that CCI holds exclusively. All of the discretionary factors counsel in favor of permitting intervention. CCI's intervention will not prolong or delay the litigation or confuse the issues. On the contrary, its intervention will facilitate the correct decision by providing a complete understanding of the underlying factual issues. As shown in detail above, CCI has interests that are directly being attacked in this action by Plaintiff's claims against the Defendants, CCI has standing to raise the issue of who has the right to use the claimed marks on the Website and the Internet because Plaintiff itself has granted CCI an exclusive license of those rights. CCI's rights are directly impacted by Plaintiff's claims against the Defendants. Thus, as the very least, CCI should be permitted to intervene pursuant to FED. R. CIV. P. 24(b).

**COMEDY CLUB, INC. MOTION TO INTERVENE**

# V.

## __CONCLUSION__

For all of the foregoing reasons, CCI's Motion should be granted, and its proposed *Answer To Complaint And Counterclaim Against Plaintiff/Counterdefendant Improv West Associates* be deemed filed.

Dated:  January 19, 2012       SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
                        KENT R. RAYGOR

                        Attorneys for Intervenor
                        COMEDY CLUB, INC.

404078834.7

W02-WEST:2BOA1\404078834.7                    COMEDY CLUB, INC. MOTION TO INTERVENE